## ARTHUR P. JORGENSEN v. GREAT NORTHERN RAILWAY COMPANY AND OTHERS.[1]

March 29, 1946.

No. 34,095.

*Otis, Faricy & Burger,* for appellant.

[1]Reported in 22 N. W. (2d) 544.

*R. J. Hagman, Hallan Huffman,* and *Howard V. Rhedin,* for respondent Great Northern Railway Company.

*George L. Siegel* and *James L. Crawford,* for respondents Leonard G. Olin and Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment in an action to reinstate plaintiff's seniority rights as a clerk in the engineering division of the Great Northern Railway Company. Plaintiff worked in that division as a clerk from about April 1, 1927, until February 1932, when he was laid off. In December 1932, because of the depression, the schedule or contract which governed the relations between the company and the men was amended to provide that there should be an "extra list" status, upon their request, for employes whose positions were abolished or who were released because of a reduction in force.

These rules provided:

"Employees accepting other employment while on leave of absence, without first obtaining permission from the officer in charge, and approved by the Division Chairman shall be considered out of the service.

"Employees accepting leave of absence in violation of these rules will surrender their seniority rights."

It is conceded that plaintiff became an "extra list" employe. Between March 1, 1932, and August 1, 1940, without permission, he worked in temporary positions, both for other departments of the Great Northern railway and for other employers. Since August 1, 1940, he has been employed as a paint-shop clerk in the Great Northern's Jackson street shops. He has not worked in his former position in the engineering division since February 1932, though he did some clerical work in that division in 1936 and 1937.

In July 1944, plaintiff was refused a job as clerk in the engineering division for which he had applied, on the theory that he had lost his seniority rights there, and his name was stricken from the

seniority list of that division. Plaintiff asserts that his seniority rights in that division have continued in effect since 1932.

It is plaintiff's contention that leave-of-absence provisions do not apply to extra employes as such but only to "extra list" employes who are on leave of absence, and that "extra list" employes do not need to obtain permission to work elsewhere unless they are on leave of absence.

The purpose of the leave-of-absence provisions when applied to regular employes was to give them the right to absent themselves from the job without losing it or their seniority rights. They were given the further right to work elsewhere when on leave of absence if they obtained permission. When this leave-of-absence provision as applied to "extra list" employes is construed in the light of that purpose, the conclusion is inescapable that its purpose was to allow "extra list" employes to work elsewhere without losing their "extra list" seniority status provided they obtained permission.

That "extra list" employes could obtain a leave of absence was possible. The clear intent of these provisions is that they should obtain permission to work elsewhere the same as a regular employe on leave of absence. So, to go to work elsewhere without obtaining permission has the effect of separating the "extra list" employe from the service, depriving him of all seniority rights.

Judgment affirmed.

MR. JUSTICE PETERSON and MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.